UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS AGUILAR,

    Petitioner,

    v.

CAUSE NO.: 3:18-CV-477-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Thomas Aguilar, a prisoner without a lawyer, filed a habeas corpus petition challenging his 45-year sentence for murder and carrying a handgun without a license in Marion Superior Court on March 30, 2007, under cause number 49G01-0610-MR-164155. (ECF 2 at 1.) Habeas corpus petitions are subject to a strict one-year statute of limitations.[1]

---

[1] 28 U.S.C. § 2244(d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Aguilar wrote:

> Petitioner raised issues on PCR-1 post-conviction petition. PC court ruled issues were available on direct appeal, and waived. This is an incorrect application of law. Appellate counsel failed/refused to raise fundamental error. Fundamental error <u>can</u> be raised first time on post-conviction relief, per prevailing law. Issues have never been addressed on the merits; therefore, "manifest injustice" standard applies, and "AEDPA" is not a bar to petitioner's filing.
>
> Petitioner has filed a second, successive petition for post-conviction relief (PCR-2). Indiana court of appeals has refused to address fundamental error on the merits; and has refused to allow petitioner to file post-conviction petition or raise issues. No further state remedy exists.

(ECF 2 at 5.) 28 U.S.C. § 2244(d) provides four possible dates from which the limitation period can begin to run. Nothing in the answer to question 9 or any other part of the petition indicates that state action impeded Mr. Aguilar from filing a habeas corpus petition sooner, or that his claims are based on either a newly recognized constitutional right or newly discovered evidence. Therefore, 28 U.S.C. § 2244(d)(1)(B), (C) and (D) don't apply.

Mr. Aguilar filed a direct appeal and the Court of Appeals of Indiana affirmed his conviction on February 27, 2008. <u>Aguilar v. State</u>, 881 N.E.2d 733 (Ind. Ct. App. 2008) (table). Mr. Aguilar didn't petition for transfer to the Indiana Supreme Court and his time to do so expired on March 28, 2008. *See* Ind. R. App. P. 57(C) (thirty days to petition for transfer); Ind. R. Trial P. 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."); and <u>Gonzalez v. Thaler</u>,

565 U.S. 134, 150 (2012) (when a state prisoner doesn't complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). His limitation period began to run on March 29, 2008.

The clock stopped when he filed his petition for post-conviction relief on December 11, 2008. That petition was resolved on May 20, 2015, and Mr. Aguilar didn't appeal the denial to the Indiana Court of Appeals. His time to do so expired on June 19, 2015. *See* Ind. R. App. P. 9(A)(1) (thirty days to file an appeal). Therefore, the decision denying his post-conviction relief petition became final on June 19, 2015, and the clock began ticking again the next day. He didn't file this petition until three years later, on June 20, 2018.

Mr. Aguilar did seek leave to file a successive post-conviction relief petition in January of 2018, but by the time he filed his request his one year limitation period had already expired. Once the limitations period expired, filing another post-conviction relief petition doesn't "restart" the federal clock, or "open a new window for federal collateral review." De Jesus v. Acevedo, 567 F.3d 941, 942-943 (7th Cir. 2009). Moreover, an unauthorized successive post-conviction petition wouldn't have tolled the one-year period of limitations even if it had been filed before the deadline expired. *See* Powell v. Davis, 415 F.3d 722, 726-727 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending.).

Mr. Aguilar argues that it would be a manifest injustice to bar his petition. (ECF 2 at 5.) Mr. Aguilar filed a petition for habeas corpus challenging this conviction once before, when his post-conviction relief petition was still pending. Aguilar v. Superintendent, 3:10-CV-538-PS (N.D. Ind., filed Dec. 30, 2010). The petition was dismissed without prejudice because Mr. Aguilar hadn't exhausted his claims. That order thoroughly explained the statute of limitations provision to Mr. Aguilar at that time. He was told that he had used up 257 days, and that, upon the conclusion of his post-conviction relief petition, he would still have 108 days within which to file a timely habeas petition.[2] There is no manifest injustice in barring Mr. Aguilar's petition when he was specifically advised of the time that would be remaining to file the petition once the post-conviction relief petition became final and he didn't file his petition within that time frame, instead waiting three full years to file his petition. Accordingly, the petition will be denied as untimely.

Even if the petition were timely, Mr. Aguilar hasn't exhausted his claims in the state courts. To exhaust a claim, "the petitioner must raise the issue at each and every level in the state court system, including levels at which review

---

[2] At the time, there was some uncertainty about when a conviction became final where the petitioner does not complete the state's appeal process. *See* Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005)(finding that when a petitioner did not seek discretionary review in the state supreme court, his conviction became final 90 days after the state appellate court's judgment, to account for the time during which he could seek certiorari review in the U.S. Supreme Court); Farmer v. Litscher, 303 F.3d 840, 845-46 (7th Cir. 2002)(concluding without analysis that because a habeas petitioner did not pursue a direct appeal in state court, his conviction became final when the time for seeking direct review in the state court of appeals expired). The court concluded that Mr. Aguilar's conviction became final when the time to seek review in the Indiana Supreme Court expired. Aguilar v. Superintendent, 3:10-CV-538-PS (N.D. Ind. Sept. 28, 2011)(order dismissing case without prejudice). But even if the conviction became final 90 days later as opposed to 30 days, that would have given Mr. Aguilar only 60 additional days. His petition was filed well beyond that time period.

is discretionary rather than mandatory." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Mr. Aguilar hasn't presented any of his claims to the Indiana Supreme Court, so his claims are unexhausted.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of today's procedural ruling, so there is no basis for encouraging petitioner to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, Mr. Aguilar can't appeal in forma pauperis because an appeal couldn't be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition (ECF 2) is untimely;

(2) DENIES Thomas Aguilar a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk is to close this case.

SO ORDERED on June 27, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

5